IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN SCOTT MORRIS, § | | |
| Movant, § | | |
| § | | |
| v. § | | No. 3:19-cv-971-K |
| § | | No. 3:16-cr-511-K-1 |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Kevin Scott Morris's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the matter is now ripe for ruling. For the following reasons, the Court DENIES Morris's § 2255 motion.

### Background

Morris pleaded guilty to enticement of a minor in violation of 18 U.S.C. § 2422(b). On April 4, 2018, he was sentenced to 480 months' imprisonment. Morris was also ordered to pay a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 and 18 U.S.C. § 3014. He did not appeal his conviction or sentence to the Fifth Circuit Court of Appeals.

On April 22, 2019, the Court received Morris's § 2255 motion. In his motion, he argues that his attorney provided ineffective assistance of counsel for failing to:

(1) investigate the facts to discover that

(a) Morris had travelled with the victim several times before

        without preying on him (claim one), and

    (b) the victim's mother suggested and paid for the trip (claim two);

(2) prevent Morris from signing a factual resume that included facts beyond those necessary to show a violation of § 2422(b) (claim three);

(3) understand that Congress surpassed its Commerce-Clause authority when it passed 18 U.S.C. § 2251(a) (claim four);

(4) challenge 18 U.S.C. § 2252A based on the same Commerce-Clause authority theory (claim five);

(5) argue that § 2422 violates the Constitution's presumption of innocence (claim six);

(6) call "independent and favorable witnesses" at his sentencing and failing to object when the courtroom was cleared at sentencing (claim seven);

(7) interview other witnesses to prepare for a potential trial (claim eight).

(CV Doc. 2.) In Morris's memorandum of law, received on June 24, 2019, he added additional arguments in support of the claims in his § 2255 motion. In addition, he added two new claims for relief: (a) his attorney should have realized that the Government's indictment failed to plead a valid violation of § 2422 on the basis that an airplane cannot ever be used to entice a victim (CV Doc. 12 at 3-9); and (b) his attorney provided ineffective assistance when he failed to (i) recognize that Morris suffered from Asperger's Syndrome, a form of high-functioning autism, and (ii) seek a competency evaluation under 18 U.S.C. § 4241 to determine Morris's culpability (*id.* at 26-27).

The Government filed its response on September 30, 2019, arguing that the new claims in Morris's memorandum of law should be dismissed as time-barred; his allegations of pre-plea ineffective assistance of counsel should be denied as waived; his claims that his attorney's performance at sentencing was ineffective assistance should be denied; and his claims that his attorney failed to call unnamed witnesses should be denied as legally insufficient. (CV Doc. 20.) On December 31, 2019, Morris filed his reply. (CV Doc. 23.)

**1. Morris's new claims are dismissed as untimely.**

In Morris's memorandum of law, he attempts to raise two new claims. *See* (CV Doc. 12). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). In this case, the Court entered its judgment in Morris's criminal case on April 5, 2018. (CR Doc. 45.) He did not file a direct appeal, and his criminal judgment became final on April 19, 2018, when his time to pursue a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (the notice of appeal in a criminal case must be filed in the district court within 14 days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008) (finding that the defendant's conviction became final upon expiration of the time for filing a timely notice of appeal). Morris's conviction became final on April 19, 2018. He then had one year, or until April 19, 2019, to file a timely § 2255 motion.

Morris's § 2255 motion is signed and dated April 17, 2019. (CV Doc. 2 at 23.) Because his § 2255 motion was filed before April 19, 2019, it was timely filed. Morris filed his memorandum of law on June 3, 2019, after the one-year deadline. (CV Doc. 12 at 32-33.) Morris's memorandum of law raises two new claims not presented in his timely § 2255 motion unless they relate back to his timely § 2255 motion. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

It is well-established that Federal Rule of Civil Procedure 15 applies in § 2255

4

proceedings. *Id.* at 655; *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15, an untimely claim is not time-barred if it relates back to the original, timely-filed § 2255 motion. Fed. R. Civ. P. 15(c)(1)(B); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009): *see also United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). However, they "do not automatically relate back to prior [ ] claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680. Rather, "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Saenz*, 282 F.3d at 356. The court "must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650).

As noted, Morris attempts to raise two new claims in his memorandum of law. *See* (CV Doc. 12). In his first claim, Morris argues that his attorney should have realized that the Government's indictment failed to plead a valid violation of § 2242 on the basis that an airplane cannot ever be used to entice a victim. (CV Doc. 12 at 3-9.). However, nowhere in his § 2255 motion did he raise relevant facts or law that would cause this claim to relate back. Therefore, Morris's first new claim does not

5

relate back to any claim in his timely § 2255 motion. In Morris's second new claim, he argues that his attorney provided ineffective assistance when he failed to recognize that Morris suffered from Asperger's Syndrome, a form of high-functioning autism, and seek a competency evaluation under § 4241. (CV Doc. 2 at 26-27.) This claim also does not relate back to Morris's timely filed § 2255 motion because there are no allegations in his motion regarding an alleged mental disability. *See* (CV Doc. 2). For these reasons, Morris's two new claims must be dismissed as untimely. The Government also argues that Morris's two new claims fail on the merits. (CV Doc. 20 at 12-14.) It is clear these claims are untimely, so the Court need not address this argument.

2. **Morris waived his pre-plea ineffective assistance of counsel claims.**

Morris raised six pre-plea claims of ineffective assistance of counsel claims: claims one, two, three, four, five and six. *See* (CV Doc. 2). "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (quoting *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991)). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is voluntary if it does not result from force, threats,

improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

Morris does not allege that his attorney's performance rendered his guilty plea unknowing or involuntary. *See* (CV Doc. 2). The Court finds that Morris's guilty plea was both knowing and voluntary. Morris and his attorney signed a document entitled "Factual Resume," in which Morris acknowledged the elements of his offense, as well as the facts underlying each element of his offense. (CR Doc. 31.) On December 12, 2017, a United States magistrate judge conducted a rearraignment hearing under Federal Rule of Criminal Procedure 11. (CR Doc. 34.) At that time, the magistrate judge cautioned and examined Morris under oath and concluded that his guilty plea was both knowing and voluntary. (CR Doc. 36.) The magistrate judge further concluded that the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. (*Id.*) Ultimately, Morris pleaded guilty to count one of the indictment filed on November 16, 2016. (CR Doc. 45 at 1.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

For these reasons, Morris's guilty plea was knowing and voluntary, and he waived his pre-plea ineffective assistance of counsel claims. *See Cothran*, 302 F.3d at 285-86. The Government argues that Morris's pre-plea claims of ineffective assistance of counsel also fail on the merits. (CV Doc. 20 at 16-20.) Because it is clear these claims are waived, the Court need not consider this argument.

> **3. Morris has not shown that his attorney provided ineffective assistance of counsel for failing to call witnesses at sentencing or object to the courtroom being cleared at sentencing.**

In his seventh claim, Morris argues that his attorney should have called unnamed, favorable witnesses at sentencing. (CV Doc. 2 at 18.) To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Morris could demonstrate his attorney's performance was deficient, he must still show prejudice under *Strickland*. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

"Complaints of uncalled witnesses are not favored in federal habeas corpus

review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (citing *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). To show ineffective assistance of counsel in the context of an uncalled witness, a movant must: (1) name the witness he would have called; (2) show the uncalled witness would have been available to testify; (3) show the uncalled witness would have testified; and (4) show there is a reasonable probability the uncalled witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *see also Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (petitioner failed to meet his burden of showing that uncalled witnesses would have testified favorably to his case).

Morris has failed to come forward with the names of any witnesses that his attorney should have called. Likewise, Morris has failed to demonstrate their availability, the testimony they would have provided, or how their testimony would have been favorable to him. Accordingly, Morris has not shown that his attorney provided deficient performance, and this claim must fail.

Morris also argues in his seventh claim that his attorney provided deficient performance when he failed to object when the courtroom was cleared at sentencing.

9

(CV Doc. 2 at 18.)  However, the sentencing transcript does not reflect that the courtroom was cleared prior to Morris's sentencing on April 4, 2018.  *See* (CR Doc. 49).  His claim is therefore refuted by the record.  Consequently, Morris cannot establish that his attorney provided deficient performance, and with respect to prejudice, he cannot show that if the courtroom was not cleared, his sentence would have been lower.  Under Morris's Rule 11(c)(1)(C) plea agreement with the Government, he stipulated to and received a sentence of 480-months' imprisonment.  For these reasons, Morris's seventh claim fails.

### 4. Morris's challenges to his attorney's trial preparations are legally insufficient, and he cannot demonstrate prejudice.

In his eighth claim, Morris argues that his attorney failed to contact "numerous" unnamed witnesses "for a trial (if necessary)" who would have demonstrated that Morris sometimes traveled with minors without abusing them, and he had a legitimate filmography business.  (CV Doc. 2 at 19; CV Doc. 12 at 28-29.)

Morris fails to name the witnesses his attorney erred by failing to contact.  *See Bray*, 265 F. App'x at 298.  Morris also fails to mention the witnesses' availability to testify at a trial.  *See id.*  Finally, he has failed to show that the testimony they would have provided would have been admissible and exculpatory.  *See id.*  For these reasons, Morris's eighth claim must fail.

### Evidentiary Hearing

Morris requests an evidentiary hearing "to explore" the issues set forth in his § 2255 motion.  (CV Doc. 2 at 23.)  With a § 2255 motion, an evidentiary hearing is

required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

Consistent with the foregoing, a hearing is not necessary to address Morris's § 2255 motion. Therefore, his request for an evidentiary hearing must be denied.

## Certificate of Appealability

Last, the Court must determine whether the issuance of a certificate of appealability (COA) is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the Court is denying Morris's § 2255 motion, it must determine whether he is entitled to a COA. A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The

applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364.

Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Morris a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court DENIES Morris's § 2255 motion and his request for an evidentiary hearing. The Court also DENIES Morris a certificate of appealability.

SO ORDERED.

Signed November 4th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICE JUDGE